NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

PHOEBE FEY, PETITIONER, v. COUNTY OF ESSEX, NEW JERSEY, RESPONDENT.

Decided February 3, 1945.

For the petitioner, *Maurice M. Margolis*.

For the respondent, *Edwin Joseph O'Brien*.

A formal petition was filed in the above entitled matter making claim for compensation, pursuant to *R. S.* 1937, 34:15; *N. J. S. A.* 34:15.

This matter was tried before me on March 3d, 1943, and a determination of facts and rule for judgment was entered, among other things giving judgment in favor of the petitioner and against the respondent for compensation for permanent disability on the basis of 30% of total disability, or 150 weeks at her compensation rate of $15.38, or a total of $2,307. The respondent made payments pursuant to said determination to the above named petitioner for a period of 61 weeks; in addition thereto respondent advanced the sum of $120 from the payments last to become due. On May 10th, 1944, said petitioner, Phoebe Fey, died, leaving her surviving a husband, William Fey.

This matter was again brought on for hearing before me at the Compensation Bureau in Newark on November 29th, 1944.

It was stipulated that the above named petitioner, Phoebe Fey, died from causes unrelated to the accident, and the ques-

tion presented to me for determination was whether or not William Fey, husband of Phoebe Fey, deceased, was a dependent within the intendment of the Workmen's Compensation Act, so as to become entitled to the unpaid balance of the award made to the said Phoebe Fey, amounting to $1,248.82.

Mrs. Michael, a daughter of the deceased petitioner, testified that her father, the husband of the deceased petitioner, was at the time of decedent's injury and death an inmate of the Newark Convalescent Hospital and that, due to the fact that he was an extremely obese individual, it was necessary for all of his clothes to be made to his measurements and that all clothing bills were paid for by her mother in her lifetime. It further appeared from her testimony that it was necessary for William Fey to wear an iron brace on one leg and that, because of this, his clothing would wear out rapidly and would have to be replaced at frequent intervals. In addition to the clothing, the decedent purchased on numerous occasions braces and special shoes for William Fey's deformed leg, and these articles were not furnished by the hospital.

The statute directs in section 34:15-12, subd. z, that in cases of death of a person from any cause other than the accident during the period of payment for permanent injury, the remaining payments shall be made to the dependents of the injured person.

Under the case of *Holden* v. *Public Service Electric Co.,* 127 *N. J. L.* 405; 22 *Atl. Rep.* (2d) 795, 796, a situation presents itself in which the facts are similar to the ones in the instant case, with the exception that the wife was the inmate of a public institution at the expense of the municipality. The court found the liability for such institutional care for such dependent is forever present and "the deceased was not relieved of the obligation of maintenance. \* \* \* The latter liability for such institutional care and maintenance of his wife remains unimpaired \* \* \*." The fact that in the present case it is the husband who is in a public institution under public charge does not relieve the wife of the legal responsibility to pay this obligation of her dependent husband. Under the statute 44:1–140; *N. J. S. A.* 44:1–140, certain relatives are chargeable by law for the maintenance

and relief of poor, old, blind, lame or impotent persons. These persons chargeable are "the father, grandfather, mother, grandmother, child, grandchildren, and husband and wife, severally and respectively  *  *  *."

It is, therefore, the opinion of the court that William Fey is a dependent of the deceased Phoebe Fey within the meaning of the Workmen's Compensation Laws and the amendments thereto and as such dependent is entitled to receive the balance of the compensation due under the rule for judgment of March 3d, 1943.

*·        *        *        *        *        *        *

JOHN C. WEGNER,
*Deputy Commissioner.*